UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br>611 Pennsylvania Avenue SE #231<br>Washington, D.C. 20003,<br><br>*Plaintiff*<br><br>v.<br><br>U.S. SECRET SERVICE,<br>245 Murray Ln SW, Bldg T-5,<br>Washington, DC 20223<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br>2707 Martin Luther King Jr. Ave, SE Washington, DC 20528<br><br>*Defendants.* | Civil Action No.: 24-2680 |

## COMPLAINT

1. Plaintiff America First Legal Foundation ("AFL") brings this action against Defendants U.S. Department of Homeland Security ("DHS") and U.S. Secret Service ("USSS") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. On July 13, 2024, in Butler, Pennsylvania, President Donald J. Trump faced an attempted assassination only days before accepting his party's nomination for the upcoming presidential election.

1

3. One bullet struck President Trump, and the shooter killed one rallygoer and injured multiple others who were expressing their First Amendment right to assemble and listen to President Trump speak.

4. The American people have questioned how a would-be assassin was able to fire a relatively simple shot that came within an inch of killing President Trump and struck fellow Americans.

5. In the aftermath of the attack, AFL opened an investigation into the federal agencies tasked with ensuring President Trump's safety to identify any shortcomings in their operations, management, and procedures.

6. Just sixty-four days after the assassination attempt in Butler, Pennsylvania, and fifty-one days from Election Day, there was another attempted assassination of President Trump.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Additionally, it may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq*.

8. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

9. Plaintiff AFL is a nonprofit organization working to promote the rule of law in the United States, prevent executive overreach, ensure due process and equal protection for all Americans, and encourage public knowledge and understanding of

the law and individual rights guaranteed under the United States Constitution and the laws of the United States. AFL's mission includes promoting government transparency and accountability by gathering official information, analyzing it, and disseminating it through reports, press releases, and/or other media, including social media platforms, all to educate the public.

10. Defendants DHS and USSS are both agencies subject to FOIA under 5 U.S.C. § 552(f).

11. The headquarters for DHS is located at 2707 Martin Luther King Jr. Ave, SE Washington, DC 20528.

12. The headquarters for USSS is at 245 Murray Ln SW, Building T-5, Washington, DC 20223.

## LEGAL AND FACTUAL BACKGROUND

*DHS FOIA Request: 2024-HQFO-01980*

1. On July 13, 2024, AFL submitted a FOIA request to DHS seeking all records of communications for DHS Secretary Alejandro Mayorkas, DHS Senior Official Performing the Duties of the Deputy Secretary Kristie Canegallo, and DHS Chief of Staff Jonathan Davidson that took place on July 13, 2024, the day of the attempted assassination of President Trump in Butler, Pennsylvania. Ex. 1.

2. In its request, AFL requested expedited processing on the grounds that "[c]ircumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of [President Trump]," 6 C.F.R. § 5.5(e)(1)(i), that there is both "[a]n urgency to inform the public

about an actual or alleged federal government activity, if made by a person who is primarily engaged in disseminating information," 6 C.F.R. § 5.5(e)(1)(ii), and that the request addressed a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 6 C.F.R. § 5.5(e)(iv). *Id.* at 2.

3. AFL also requested a waiver of all search and duplication fees under 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11. *Id.* at 2.

4. On July 17, 2024, AFL received a letter from DHS acknowledging receipt of the request and assigning it the tracking number 2024-HQFO-01980. Ex. 2.

5. AFL has received no further communication from DHS regarding the status of this request since the July 17, 2024, letter.

6. As of the date of this filing, DHS has provided no documents under this FOIA request.

*USSS FOIA Request: 20241241*

7. On July 13, 2024, AFL submitted a FOIA request to DHS seeking records reflecting all calendar entries of the Director and Deputy Director of USSS, in addition to calendar entries from DHS personnel, for the time period from June 14, 2024, through July 14, 2024. Ex. 3.

8. In its request, AFL requested expedited processing on the grounds that "[c]ircumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of [President Trump]," 6 C.F.R. § 5.5(e)(1)(i), that there is both "[a]n urgency to inform the public

4

about an actual or alleged federal government activity, if made by a person who is primarily engaged in disseminating information," 6 C.F.R. § 5.5(e)(1)(ii), and that the request addressed a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 6 C.F.R. § 5.5(e)(iv). *Id.* at 2.

9. AFL also requested a waiver of all search and duplication fees under 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11. *Id.* at 2.

10. On July 17, 2024, AFL received a letter from DHS acknowledging receipt of the request and assigned it the tracking number 2024-HQFO-01978. Ex. 4.

11. In the July 17, 2024, letter, DHS transferred portions of the request to USSS. *Id.* at 1.

12. On August 2, 2024, AFL received a letter from USSS acknowledging receipt of the transferred portions of the request, assigning it the file number 20241241. Ex. 5.

13. In the August 2, 2024, letter, USSS granted AFL's request for expedited processing. *Id.* at 1.

14. AFL has received no further communication from USSS regarding the status of this request since the August 2, 2024, letter.

15. As of the date of this filing, USSS has provided no documents under this FOIA request.

*USSS FOIA Request: 20241077*

16. On July 17, 2024, AFL submitted a FOIA request to USSS seeking records relating to the hiring and employment standards at USSS at the time of the attempted assassination of President Trump in Butler, Pennsylvania. Ex. 6.

17. In its request, AFL requested expedited processing on the grounds that "[c]ircumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of [President Trump]," 6 C.F.R. § 5.5(e)(1)(i), that there is both "[a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person who is primarily engaged in disseminating information," 6 C.F.R. § 5.5(e)(1)(ii), and that the request addressed a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 6 C.F.R. § 5.5(e)(iv). *Id.* at 3–4.

18. AFL also requested a waiver of all search and duplication fees under 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11. *Id.* at 3.

19. On August 9, 2024, AFL received a letter from USSS acknowledging receipt of the request and assigning it the file number 20241077. Ex. 7.

20. AFL has received no further communication from USSS regarding the status of this request since the August 9, 2024, letter.

21. As of the date of this filing, USSS has provided no documents under this FOIA request.

*USSS FOIA Request: 20241105*

22. On July 18, 2024, AFL submitted a FOIA request to USSS seeking records relating to its staffing levels and its progress in meeting staffing targets identified by the U.S. Government Accountability Office in a 2022 report that highlighted its staffing shortcomings. *See* Ex. 8 (citing U.S. GOV'T ACCOUNTABILITY OFF., GAO-22-105100, U.S. SECRET SERVICE: FURTHER PROGRESS MADE IMPLEMENTING THE PROTECTIVE MISSION PANEL RECOMMENDATIONS (2022), https://www.gao.gov/assets/gao-22-105100.pdf [https://perma.cc/RPV2-LN99]).

23. In its request, AFL requested expedited processing on the grounds that "[c]ircumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of [President Trump]," 6 C.F.R. § 5.5(e)(1)(i), that there is both "[a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person who is primarily engaged in disseminating information," 6 C.F.R. § 5.5(e)(1)(ii), and that the request addressed a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 6 C.F.R. § 5.5(e)(iv). Ex. 8 at 4–5.

24. AFL also requested a waiver of all search and duplication fees under 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11. *Id.* at 4.

25. On July 19, 2024, AFL received a letter from USSS acknowledging receipt of the request and assigning it the file number 20241105. Ex. 9.

26. In the July 19, 2024 letter, USSS denied AFL's request for expedited processing of the request, stating that AFL had not "demonstrated that there is a threat to the life or physical safety of an individual nor [had AFL] demonstrated there is a particular urgency to inform the public about the government activity involved in the request, beyond the public's right to know about government activity, generally." *Id*. at 2–3.

27. In the July 19, 2024, letter, USSS also stated that AFL's "letter was conclusory, in nature, and did not present any facts to justify a grant of expedited processing under the applicable standards." *Id*. at 3.

28. AFL has received no further communication from USSS regarding the status of this request since the July 19, 2024, letter.

29. As of the date of this filing, USSS has provided no documents under this FOIA request.

## CLAIM FOR RELIEF

### Violation of the FOIA, 5 U.S.C. § 552

30. AFL repeats and reincorporates the preceding paragraphs.

31. AFL properly requested records within the possession, custody, and control of the Defendants.

32. For more than a month, the Defendants failed to conduct a reasonable search for responsive records. Moreover, the Defendants failed to disclose any segregable, non-exempt portions of responsive records. *See* 5 U.S.C. § 552(b).

33. The Defendants failed to make a determination on AFL's requests for expedited processing within the statutory time period for requests 2024-HQFO-01980 and 20241077. *See* 5 U.S.C. § 552(a)(6)(E)(ii)(I).

34. The Defendants improperly denied AFL's request for expedited processing of request 20241105. *See* 6 C.F.R. § 5.5(e).

35. The Defendants failed to process request 20241241 "as soon as practicable," 5 U.S.C. § 552(a)(6)(E)(iii), after granting AFL's request for expedited processing.

36. The Defendants failed to respond to AFL's requests within the statutory time period. *See* 5 U.S.C. § 552(a)(6).

37. Accordingly, AFL has exhausted its administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C).

38. The Defendants have violated the FOIA by failing, within the prescribed time limit, to (i) grant AFL's requests for expedited processing; (ii) process AFL's requests as soon as practicable; (iii) reasonably search for records responsive to AFL's requests; (iv) provide a lawful reason for the withholding of any responsive records; and (v) segregate exempt information in otherwise non-exempt responsive records.

## RELIEF REQUESTED

WHEREFORE, AFL respectfully requests this Court:

i. Declare that the records sought by these requests, as described in the preceding paragraphs, must be disclosed under 5 U.S.C. § 552;

  ii. Order the Defendants to conduct searches immediately for all records responsive to AFL's FOIA requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of responsive records;

  iii. Order the Defendants to produce by a specific date all non-exempt records responsive to AFL's FOIA requests;

  iv. Award AFL attorneys' fees and costs under 5 U.S.C. § 552(a)(4)(E); and

  v. Grant AFL such other and further relief as this Court deems proper.

Date: September 19, 2024.

                Respectfully submitted,

                */s/ William Scolinos*

                William Scolinos (D.C. Bar No. 90023488)
                Michael Ding (D.C. Bar No. 1027252)
                (301) 965-0179
                AMERICA FIRST LEGAL FOUNDATION
                611 Pennsylvania Avenue SE #231
                Washington, D.C. 20003
                William.Scolinos@aflegal.org

                *Counsel for America First Legal Foundation*