

July 18, 2024

**Via Email: FOIA@usss.dhs.gov**
Freedom of Information Act and Privacy Act Branch
245 Murray Lane, SW Building T-5
Washington, DC 20223

**Freedom of Information Act Request: Records Relating to USSS Staffing Shortages**

Dear FOIA Officer:

America First Legal Foundation is a national, nonprofit organization working to promote the rule of law in the United States, prevent executive overreach, and ensure due process and equal protection for all Americans, all to promote public knowledge and understanding of the law and individual rights guaranteed under the Constitution and laws of the United States. To that end, we file Freedom of Information Act requests on issues of pressing public concern, then disseminate the information we obtain, making documents broadly available to the public, scholars, and the media. Using our editorial skills to turn raw materials into distinct work, we distribute that work to a national audience through traditional and social media platforms. AFL's X page has over 248,000 followers and the X page of our Founder and President has over 665,000 followers.

I. **Records Request**

On July 13, 2024, there was an attempted assassination of President Trump, where a rally-goer was killed. These events will be remembered throughout history. The security failure indicates a failure of leadership and a profound misallocation of law enforcement personnel and resources. Further, it raises questions and concerns regarding the current priorities of the Department of Homeland Security ("DHS") and United States Secret Service ("USSS") in who they recruit and select to carry out their missions. The U.S. Government Accountability Office recognized in 2022 that "the Secret Service has not fully aligned its operations with its priorities" because, in part, of plateaus in agent training hours and being 275 employees, including 190 special

agents, "short of its planned staffing levels."[1] It is critical for the American people to understand whether a mere staffing shortage, recognized years ago, enabled an assassin to shoot President Trump. Therefore, pursuant to 5 U.S.C. § 552, we request access to the following records:

A. Reports relating to USSS's progress in meeting its staffing targets ("increasing the Secret Service's workforce by 300 personnel per year in fiscal years 2023 through 2025" and "an increase of 119 personnel in Fiscal Years 2021 and 209 personnel in fiscal year 2022") established under in its *Fiscal Years 2021-2025 Human Capital Strategic Plan* ("the Plan").[2]

B. The number of USSS personnel and staffing targets in the Plan for the Uniformed Division for each month since January 2021 through the date of processing.

   a. Include records sufficient to show the number of personnel and targets for each of the following: Airspace Security Branch, Canine Explosive Detection Unit, Counter Assault Team, Counter Sniper Team, Counter Unmanned Aerial Systems, Emergency Response Team, Hazardous Agent Mitigation Medical Emergency Response Team, Specialized Rifle Unit, and Technical Operations Branch.

C. The number of USSS personnel and staffing targets in the Plan for the Presidential Protective Division (or Detail) for each month since January 2021 through the date of processing.

D. The number of USSS personnel and staffing targets in the Plan for the Former President's Detail Protective Division ("PPD") for each month from January 2021 through the date of processing.

E. The number of USSS personnel and staffing targets in the Plan at each USSS field office as of July 13, 2024.

F. The identity of USSS staffing targets as defined by any other means than workforce targets covered in Request E above on July 13, 2024.

G. All communications about and with retired agents returning to USSS as Special Agents to increase USSS staffing.

---

[1] U.S. GOV'T ACCOUNTABILITY OFF., *U.S. Secret Service: Further Progress Made Implementing the Protective Mission Panel Recommendations* (Jan. 2022) (available at https://tinyurl.com/4z3n8cp4).
[2] *Id.*

H. The number of USSS employees who retired before June 15, 2024, who remain on the USSS payroll.

I. Records relating to a heightened threat environment and/or lack of resources for advance teams. This includes all records indicating advance teams required additional time, training, or personnel.

J. All electronic communications, with the term "understaffed" or "staffing target" sent to or from custodians listed in Part II.

The time period for items in this request without a specific date range is May 1, 2024, through the date this request is processed.

## II. Custodians

United States Secret Service ("USSS")

A. Kimberly Cheatle, Director

B. Ronald L. Rowe, Jr., Deputy Director

C. Cynthia Sjoberg Radway, Chief Operating Officer

D. Michael Plati, Assistant Director, Office of Protective Operations

E. Brian S. Lambert, Assistant Director, Office of Investigations

F. Vincent Tutoni, Assistant Director, Office of Intergovernmental & Legislative Affairs

G. David M. Smith, Assistant Director, Office of Professional Responsibility

H. David Torres, Assistant Director, Office of Strategic Intelligence and Information

I. Miltom D. Wilson, Assistant Director, Office of Training

J. Michael A. Buck, Chief, Uniformed Division

K. Thomas F. Huse, Chief Counsel

L. Ted Maliga, Chief Technology Officer

    M. Stephen Roncone, Chief Financial Officer

    N. Joseph Eddy, Chief Strategy Officer

    O. Kevin J. Nally, Chief Information Officer

    P. Kyo M. Dolan, Chief of Staff

    Q. Delisa Walker Hall Chief Human Capital Officer, Office of Human Resources

    R. Stephen Roncone, Chief Financial Officer

### III. Fee Waiver

AFL requests a waiver of all search and duplication fees associated with this request under 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. §5.11. First, AFL is a qualified non-commercial public education and news media requester. Our officials routinely appear on national television and use social media platforms to disseminate the information it has obtained about federal government activities. In this case, AFL will make your records and your responses publicly available for the benefit of citizens, scholars, and others, and the public's understanding of your policies and practices will be enhanced through AFL's analysis and publication of the requested records. As a nonprofit organization, AFL does not have a commercial purpose, and releasing the requested information is not in AFL's financial interest. We note that DHS has granted us fee waivers in the past.

### IV. Expedited Processing

DHS regulations require the grant of expedited processing for a FOIA request "whenever the component determines that they involve: (i) Circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; (ii) An urgency to inform the public about an actual or alleged federal government activity, if made by a person who is primarily engaged in disseminating information; … (iv) A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 6 C.F.R. § 5.5(e).

This is a critical moment for our nation and the world. This request patently qualifies for expedited processing under §§ 5.5(e)(i), (ii), and (iv). An attempt has been made to assassinate a former President of the United States, and a frontrunner in the upcoming presidential election. Now, more than ever, the public deserves to know the role of DHS in this historic security failure; the Secret Service's failures may persist, presenting an imminent risk to the life and physical safety of President Trump and any innocent American who chooses to exercise their First Amendment right to

assemble and listen to a former president speak. As discussed above, America First Legal is a qualifying news media distributor, which has been recognized by DHS in the past. This manifest attack on our political process is of paramount and urgent interest to the media and all Americans.

## V.   Conclusion

Disposal of an unscheduled or permanent record; disposal prior to the end of the NARA-approved retention period of a temporary record; and disposal of a record subject to a FOIA request, litigation hold, or any other hold requirement to retain the records constitutes an unlawful destruction of records under 36 C.F.R. § 1230.3. If you have any questions about how to construe this request for records or believe further discussions regarding search and processing would facilitate a more efficient production of records of interest to AFL, please do not hesitate to contact me at FOIA@aflegal.org. Finally, if AFL's request for a fee waiver is not granted in full, please contact us immediately upon making that determination.

        Sincerely,

        /s/ Will Scolinos
        America First Legal Foundation