UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. SECRET SERVICE, et al.,<br><br>*Defendants*. | Civil Action No. 24-2680 (DLF) |

**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, the United States Department of Homeland Security ("DHS"), and the United States Secret Service ("USSS"), by and through undersigned counsel, respectfully submit the following answer to the Complaint filed by Plaintiff under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

**FIRST DEFENSE**

The Complaint should be dismissed to the extent it seeks relief based on any FOIA request, or any portion thereof, for which Plaintiff failed to exhaust administrative remedies or has failed to plausibly plead a claim for relief.

**SECOND DEFENSE**

The FOIA requests fail to comply with the requirements of FOIA to the extent that they fail to reasonably describe the records sought or would be unduly burdensome to process, as well as to the extent they seek to impose obligations on DHS or USSS not required by FOIA, such as to the extent they are in the nature of interrogatories or purport to direct the search to be conducted.

**THIRD DEFENSE**

Some or all of the records and requested information in Plaintiff's FOIA request are exempt in whole or in part under FOIA, and foreseeable harm would result from the release of this information. *See* 5 U.S.C. § 552(b).

**FOURTH DEFENSE**

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA, nor is Plaintiff entitled to compel Defendants to confirm or deny the existence of responsive records when any such confirmation or denial would reveal information protected from disclosure by one or more exemptions of the FOIA.

**FIFTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).

**SIXTH DEFENSE**

Plaintiff is neither eligible nor entitled to attorney's fees or costs in this matter.

**SEVENTH DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under the FOIA.

## RESPONSES TO NUMBERED PARAGRAPHS[1]

1. This paragraph consists of Plaintiff's characterization of this lawsuit and conclusions of law, to which no response is required.

2. Defendants admit that, on July 13, 2024, there was an attempted assassination of former President Trump in Butler, Pennsylvania.

3-4. To the extent the allegations in these paragraphs seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

5. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph.

6. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

---

[1] For ease of reference, Defendants refer to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations those allegations are denied.

**JURISDICTION AND VENUE**

7. This paragraph asserts conclusions of law to which no response is required. To the extent any response is required, Defendants admit that this Court has subject matter jurisdiction over FOIA claims, subject to the terms and limitations of FOIA.

8. This paragraph again contains conclusions of law, to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this district for actions brought pursuant to FOIA.

**PARTIES**

9. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

10. Defendants admit that DHS is a federal agency within the meaning of 5 U.S.C. § 552(f)(1), and that the Secret Service is a component of DHS. The remainder of this paragraph asserts conclusions of law to which no response is required.

11. Admit.

12. Defendants deny that this is the physical address for USSS headquarters, and aver that this is a USSS mailing address.

**LEGAL AND FACTUAL BACKGROUND**

*DHS FOIA Request: 2024-HQFO-01980*

1. Defendants admit that DHS received a request from Plaintiff dated July 13, 2024, and that a copy of that request is attached to the Complaint at ECF No. 1-1. Defendants refer the

Court to that request for a complete and accurate statement of its contents and deny the allegations in this paragraph to the extent inconsistent with the content of that request.[2]

2. Defendants admit that the July 13, 2024 FOIA request included a request for expedited processing and refer the Court to that request for a complete and accurate statement of its contents concerning the expedited processing request. To the extent this paragraph asserts that the request established that expedited processing was warranted, that is a conclusion of law to which no response is required.

3. Defendants admit that the July 13, 2024 FOIA request included a fee waiver request and refer the Court to that request for a complete and accurate statement of its contents concerning the fee waiver request. To the extent this paragraph asserts that the request established that a fee waiver was warranted, that is a conclusion of law to which no response is required.

4. Defendants admit that DHS issued a letter dated July 17, 2024 in response to the July 13, 2024 request and that a copy of that letter is attached to the Complaint at ECF No. 1-2. Defendants refer the Court to that letter for a complete and accurate statement of its contents and deny the allegations in this paragraph to the extent inconsistent with the content of that letter. As to when Plaintiff received the letter, Defendants lack sufficient knowledge or information to form a belief as to the truth of that allegation.

5. Defendants admit that, as of the filing date of this action, DHS has not provided any further communication to Plaintiff regarding the July 13, 2024 request but deny any violation of FOIA that may be implied by this allegation.

---

[2] Defendants are restating the number of the paragraphs in this section of the Complaint, which begin with paragraph number 1, even though the paragraph numbering is not sequential from the preceding section.

6. Defendants admit that, as of the filing date of this action, DHS has not produced any records in response to the request but deny any violation of FOIA that may be implied by this allegation.

*USSS FOIA Request: 20241241*

7. Defendants admit that DHS received a request from Plaintiff dated July 13, 2024, and that a copy of that request is attached to the Complaint at ECF No. 1-3. Defendants refer the Court to that request for a complete and accurate statement of its contents and deny the allegations in this paragraph to the extent inconsistent with the content of that request.

8. Defendants admit that the July 13, 2024 FOIA request included a request for expedited processing and refer the Court to that request for a complete and accurate statement of its contents concerning the expedited processing request. To the extent this paragraph asserts that the request established that expedited processing was warranted, that is a conclusion of law to which no response is required.

9. Defendants admit that the July 13, 2024 FOIA request included a fee waiver request and refer the Court to that request for a complete and accurate statement of its contents concerning the fee waiver request. To the extent this paragraph asserts that the request established that a fee waiver was warranted, that is a conclusion of law to which no response is required.

10. Defendants admit that DHS issued a letter dated July 17, 2024 in response to the July 13, 2024 request and that a copy of that letter is attached to the Complaint at ECF No. 1-4. Defendants refer the Court to that letter for a complete and accurate statement of its contents and deny the allegations in this paragraph to the extent inconsistent with the content of that letter.

11. Defendants admit that DHS stated in the July 17, 2024 letter (ECF No. 1-4) its intention to transfer items a and b of the July 13, 2024 request to USSS for processing under FOIA

and a direct response to Plaintiff but deny that the referenced letter constituted the transfer of those items of the request.

12. Defendants admit that USSS issued a letter to Plaintiff dated August 2, 2024, that is attached to the Complaint at ECF No. 1-5, in which USSS acknowledged receipt of the portions of the July 13, 2024 request that had been transferred to it. Defendants refer the Court to that letter for a complete and accurate statement of its contents and deny the allegations in this paragraph to the extent inconsistent with the content of that letter. As to when Plaintiff received the letter, Defendants lack sufficient knowledge or information to form a belief as to the truth of that allegation.

13. In response to the allegations in this paragraph, Defendants refer the Court to the August 2, 2024 letter for a complete and accurate statement of its contents and deny the allegations in this paragraph to the extent inconsistent with the content of that letter.

14. Defendants admit that, as of the filing date of this action, USSS has not communicated further with Plaintiff regarding the transferred portions of the request but deny any violation of FOIA that may be implied by this allegation.

15. Defendants admit that, as of the filing date of this action, USSS has not produced any records in response to the portion of the July 13, 2024 request that had been transferred to it but deny any violation of FOIA that may be implied by this allegation.

*USSS FOIA Request 20241077*

16. Defendants admit that the request dated July 17, 2024 and attached to the Complaint at ECF No. 1-6 (hereinafter, the "USSS FOIA Request 20241077") was submitted by Plaintiff to the USSS. In response to the remaining allegations of this paragraph, Defendants refer the Court

to the referenced request for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent with the content of that request.

17.   Defendants admit that USSS FOIA Request 20241077 included a request for expedited processing and refer the Court to that request for a complete and accurate statement of its contents concerning the expedited processing request. To the extent this paragraph asserts that the request established that expedited processing was warranted, that is a conclusion of law to which no response is required.

18.   Defendants admit that USSS FOIA Request 20241077 included a fee waiver request and refer the Court to that request for a complete and accurate statement of its contents concerning the fee waiver request. To the extent this paragraph asserts that the request established that a fee waiver was warranted, that is a conclusion of law to which no response is required.

19.   Defendants admit that USSS issued a letter dated August 9, 2024 that is attached to the Complaint at ECF No. 1-7. Defendants refer the Court to the referenced letter for a complete and accurate statement of its contents and deny the allegations in this paragraph to the extent inconsistent with the content of that letter. As to when Plaintiff received the letter, Defendants lack sufficient knowledge or information to form a belief as to the truth of that allegation.

20.   Defendants deny the allegation in this paragraph and aver that, on September 20, 2024, the USSS FOIA Office sent Plaintiff a status letter updating it on the progress of the search for documents responsive to the request.

21.   Defendants admit that, as of the filing date of this action, USSS has not produced any records in response to USSS FOIA Request 20241077 but deny any violation of FOIA that may be implied by this allegation.

*USSS FOIA Request: 20241105*

22.     Defendants admit that the request dated July 18, 2024 and attached to the Complaint at ECF No. 1-8 (hereinafter, the "USSS FOIA Request 20241105") was submitted by Plaintiff to the USSS. In response to the remaining allegations of this paragraph, Defendants refer the Court to the referenced request for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent with the content of that request.

23.     Defendants admit that USSS FOIA Request 20241105 included a request for expedited processing and refer the Court to that request for a complete and accurate statement of its contents concerning the expedited processing request. To the extent this paragraph asserts that the request established that expedited processing was warranted, that is a conclusion of law to which no response is required.

24.     Defendants admit that USSS FOIA Request 20241105 included a fee waiver request and refer the Court to that request for a complete and accurate statement of its contents concerning the fee waiver request. To the extent this paragraph asserts that the request established that a fee waiver was warranted, that is a conclusion of law to which no response is required.

25.     Defendants admit that USSS issued a letter dated July 19, 2024 that is attached to the Complaint at ECF No. 1-9. Defendants refer the Court to the referenced letter for a complete and accurate statement of its contents and deny the allegations in this paragraph to the extent inconsistent with the content of that letter. As to when Plaintiff received the letter, Defendants lack sufficient knowledge or information to form a belief as to the truth of that allegation.

26.     In response to the allegations in this paragraph, Defendants refer the Court to the July 19, 2024 letter for a complete and accurate statement of its contents and deny the allegations in this paragraph to the extent inconsistent with the content of that letter.

27. In response to the allegations in this paragraph, Defendants refer the Court to the July 19, 2024 letter for a complete and accurate statement of its contents and deny the allegations in this paragraph to the extent inconsistent with the content of that letter.

28. Defendants admit that, as of the filing date of this action, USSS has not provided any further communication to Plaintiff since the July 19, 2024 letter related to USSS FOIA Request 20241105 but deny any violation of FOIA that may be implied by this allegation.

29. Defendants admit that, as of the filing date of this action, USSS has not produced any records in response to USSS FOIA Request 20241105 but deny any violation of FOIA that may be implied by this allegation.

## CLAIM FOR RELIEF

30. Defendants reassert their responses to paragraphs 1 to 29 as if fully set forth herein.

31. This paragraph asserts conclusions of law to which no response is required.

32. The first sentence of this paragraph asserts conclusions of law to which no response is required. In response to the allegations in the second sentence of this paragraph, Defendants admit that, as of the filing date of this action, no records have been produced in response to the requests. To the extent the second sentence of this paragraph asserts that the failure to produce records by the filing date of this action constitutes a violation of FOIA, that is a legal conclusion to which no response is required.

33. This paragraph asserts conclusions of law to which no response is required.

34. This paragraph asserts conclusions of law to which no response is required.

35. This paragraph asserts conclusions of law to which no response is required.

36. This paragraph asserts conclusions of law to which no response is required.

37. This paragraph asserts conclusions of law to which no response is required.

38. This paragraph asserts conclusions of law to which no response is required. To the extent any further response is required, the allegation that Defendants violated FOIA is denied.

## RELIEF REQUESTED

The remainder of the Complaint asserts Plaintiff's request for relief to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants assert a general denial as to those allegations contained in the Complaint that are not specifically admitted herein.

Respectfully submitted,

MATTHEW M. GRAVES, D.C. BAR #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   */s/ Jeremy S. Simon*
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
United States Attorney's Office
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.simon@usdoj.gov

Counsel for United States of America